**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ESTATE OF MARY A. ALLRED, <br> Appellant, | DOCKET NUMBER <br> SF-1221-18-0462-X-1 |
| v. | |
| DEPARTMENT OF VETERANS <br> AFFAIRS, <br> Agency. | DATE: March 8, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Timothy A. Bridge, Wellston, Michigan, for the appellant.

La'Chelle M. Woodert, Esquire, Loma Linda, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      This compliance proceeding was initiated by the appellant's April 30, 2019 petition for enforcement of the Board's February 11, 2019 Order in *Estate of*

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

*Mary A. Allred v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-18-0462-W-2, in which the administrative judge accepted the parties' settlement agreement into the record for enforcement purposes. On June 17, 2019, the administrative judge issued a compliance initial decision finding the agency not in compliance with the settlement agreement. *Estate of Mary A. Allred v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-18-0462-C-1, Compliance File (CF), Tab 8, Compliance Initial Decision (CID). For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2      On April 18, 2018, the appellant filed an individual right of action appeal alleging that the agency retaliated against her for opposing unlawful promotion practices by agency managers.[3] *Estate of Mary A. Allred v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-18-0462-W-1, Initial Appeal File (IAF), Tab 1 at 2. On November 1, 2018, the administrative judge dismissed the appellant's appeal without prejudice. IAF, Tab 34, Initial Decision at 1-2. On January 29, 2019, the appellant's appeal was refiled under MSPB Docket No. SF-1221-18-0462-W-2, effective January 2, 2019.[4] *Estate of Mary A. Allred v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-18-0462-W-2, Refiled Appeal File (RAF), Tab 3 at 1. On February 11, 2019, the administrative judge, pursuant to a settlement agreement between the parties, issued an initial decision that dismissed the appeal as settled and accepted the settlement

---

[3] The Estate of Mary A. Allred was substituted as the proper appellant in this litigation on January 29, 2019, due to the December 13, 2018 death of the appellant. *Estate of Mary A. Allred v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-18-0462-W-2, Refiled Appeal File (RAF), Tab 3 at 1-2.

[4] The delay between the effective date and reopening date was due to the lapse in appropriations for the Board between December 22, 2018, and January 25, 2019. RAF, Tab 3 at 1.

agreement into the record for enforcement purposes.[5]  RAF, Tab 7, Initial Decision (ID).  The initial decision became the final decision of the Board on March 18, 2019, after neither party petitioned for administrative review.  ID at 3.

¶3        On April 30, 2019, the appellant filed a petition for enforcement of the settlement agreement, alleging that the agency had not yet paid it the sum of $50,000.00 as called for in the agreement.  CF, Tab 1.  On June 17, 2019, the administrative judge issued a compliance initial decision finding the agency not in compliance based on its failure to pay the appellant the $50,000.00 by the date of the decision.  CID at 6.

¶4        After neither party petitioned for review of this finding, the case was referred to the Board for a final decision on the issues of compliance, pursuant to 5 C.F.R. § 1201.183(b)-(c).  *Estate of Mary A. Allred v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-18-0462-X-1, Compliance Referral File (CRF), Tab 1.

## ANALYSIS

¶5        The Board has authority to enforce a settlement agreement that has been entered into the record for enforcement purposes in the same manner as any final Board decision or order.  *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶ 6 (2010).  A settlement agreement is a contract, and the Board will therefore adjudicate a petition to enforce a settlement agreement in accordance with contract law.  *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 7 (2009), *aff'd*, 420 F. App'x 980 (Fed. Cir. 2011).  When, as here, an appellant alleges noncompliance with a settlement agreement, the agency must produce relevant, material, and credible evidence of its compliance with the agreement.  *Vance*, 114 M.S.P.R. 679, ¶ 6.  The ultimate burden, however, remains with the

---

[5] The appellant also agreed as part of the settlement agreement to withdraw her pending petition for review in a separate appeal, *Estate of Mary A. Allred v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-17-0621-W-1.  RAF, Tab 6.  That request was addressed in a separate nonprecedential order under that docket number.

appellant, as the party seeking enforcement, to prove breach by a preponderance of the evidence. *Id.*

¶6     The agency's outstanding compliance issue was its obligation to pay the appellant the sum of $50,000.00. On July 26, 2019, the appellant informed the Board that the agency paid it the full amount owed on July 10, 2019, and as a result requested that the Board dismiss its petition for enforcement. CRF, Tab 2 at 4.

¶7     Accordingly, in light of the appellant's submission, the Board finds the agency in compliance and dismisses the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS[6]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7702](b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                    /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.